[Cite as *State v. Stover*, 2025-Ohio-458.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113947 |
| v. | : | |
| BRANDY STOVER, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-686493-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian Piteo and Chauncey Keller, Assistant Prosecuting Attorneys, *for appellee.*

Flowers & Grube, Kendra N. Davitt, and Louis E. Grube, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Brandy Stover ("Stover") is appealing her five-year prison sentence as being contrary to law. Based upon our review of the record, we affirm Stover's sentence.

**Facts and Procedural History**

{¶ 2} On November 14, 2023, Stover and her codefendant/husband, Daniel Stover ("Daniel"), were indicted for eight counts of endangering children, third-degree felonies in violation of R.C. 2919.22(A); two counts of disseminating matter harmful to juveniles, fourth-degree felonies in violation R.C. 2907.31(A)(1); and one count of corrupting another with drugs, a fourth-degree felony in violation of R.C. 2925.02(A)(4)(a). These charges stem from Stover and Daniel endangering their six children that were living with them at this time.

{¶ 3} On March 27, 2024, pursuant to a plea agreement, Stover retracted her former not guilty pleas and pled guilty to amended Counts 1 and 7, endangering children, third-degree felonies and to Count 5, disseminating matter harmful to juveniles, a fourth-degree felony. The State of Ohio nolled Counts 2, 3, 4, 6, 8, 9, 10 and 11.

{¶ 4} On April 22, 2024, Stover appeared for sentencing. The court reviewed the presentence-investigation report ("PSI") for Stover that included notes from police on scene and notes from interviews with neighbors, family and her children. The court also heard evidence from Stover's mother, a foster parent raising one of her children and a letter written by one of her children. After hearing all the evidence, the trial court sentenced Stover to serve 36 months on Count 1, 12 months on Count 5 and 24 months on Count 7. Counts 1 and 5 were ordered to be served concurrently with one another, but prior to and consecutive with the term imposed

for Count 7, for a total of 60 months in prison. Stover's counsel objected to the consecutive sentences.

{¶ 5} Stover timely appealed her sentence presenting one assignment of error for our review:

> The trial court erred or committed plain error by imposing consecutive sentences because its findings of proportionality under R.C. 2929.14(c)(4) clearly and convincingly lack support in the record.

Based on our review of the pertinent law, we overrule this assignment of error.

**Law and Argument**

{¶ 6} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2); *see State v. Marcum*, 2016-Ohio-1002, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a court may overturn the imposition of consecutive sentences only where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." *State v. Jones*, 2024-Ohio-1083, ¶ 12.

{¶ 7} When imposing consecutive sentences, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and it must incorporate its findings into its sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. A trial court may order prison terms to be served consecutively if it finds that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). Further, the court must also find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 8} "R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed." *Jones* at ¶ 12. The trial court is not obligated to state reasons to support its findings, "[n]or is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶ 9} Here, during Stover's sentencing hearing, the trial court made the following findings on the record:

> So here, I am requiring service to be — service of the sentences to be consecutive and I do that because I find that consecutive service is

necessarily to protect the public — not just your children, but definitely your children, but the public as well because the public is affected by what you do or don't do — to protect the public from future crime as well as to punish both of you for your conduct.

I also find that these — that the consecutive service is not disproportionate to the seriousness of your conduct. You only need listen to the description of your children's lives to get a sense of the seriousness whether you concur or don't.

Additionally, I find that these multiple offenses were committed as part of one or more courses of conduct and that the harm caused by these offenses, it was so great or unusual that no single prison term for any of the offenses committed as part of these courses of conduct would adequately reflect the seriousness of your conduct. And I base that on the whole record, but the anecdote of the child on the roof, I mean, just encapsulates it all.

Here the trial court found consecutive sentences were necessary to protect the public from future crime. The trial court explicitly found pursuant to the R.C. 2929.14(C) proportionality requirement that "the consecutive service is not disproportionate to the seriousness of your conduct." Last, the court found pursuant to R.C. 2929.14(C)(4)(b) that multiple offenses were committed as part of one or more courses of conduct.

{¶ 10} The court's subsequent journal entry memorialized these findings made on the record by stating:

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶ 11} Stover argues that the record clearly and convincingly fails to support the trial court's finding of proportionality in support of consecutive sentences. We disagree. There is more than ample evidence in the record to support the court's finding that the consecutive sentences were not disproportionate to the seriousness of Stover's conduct and to the danger Stover posed to the public.

{¶ 12} The record that the trial court reviewed in this case, which included the PSI report, was overflowing with shocking evidence of just how endangered Stover's six children were in living with her and her husband. Stover and her husband both admitted to being drug addicts, which greatly affected the care they provided their children.

{¶ 13} The children were noted to be physically dirty and barefoot when they were found by the police. One child, appearing to be about one year old, was seen on the roof before police arrived. The children were all taken to MetroHealth Hospital for triage where all six children were observed to have suffered child neglect. Five of the six children had head lice, five had dental cavities/decay and four had several marks, sores and bruises on various parts of their body. They appeared to the police to not have been bathed in months. None of the children were enrolled in school. The children reported in the PSI that the parents often left the children alone sometimes for days during drug benders. The children also stated that they all slept on one mattress in the house. Several children stated they witnessed Stover doing drugs with her husband in the house and that strangers

visited often to do drugs as well.  The children were all taken to live with foster families and/or relatives.

{¶ 14} Photographic evidence of the Stovers' home was also reviewed by the court, which showed their house, porch and backyard completely covered and overflowing with trash.  All windows were broken and there was no front door to the home.  An odor emanated from the house that could be smelled from the street by police officers.  There were bugs and rats inside the house.  Officers on scene donned hazmat suits when entering, and investigating inside, the house.  There was no electricity, heat or running water in the home.  The children were urinating and defecating in bowls and bottles or  relieving themselves outside.

{¶ 15} There is overwhelming evidence in the record that the conditions in which these children were living were absolutely deplorable, vile and dangerous and support the court's findings for consecutive sentencing.  As such, we hold that the trial court's proportionality finding is supported by clear and convincing evidence to justify the consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶ 16} Stover's assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR